Good morning, Your Honors. May it please the Court, my name is Dominic Perullo, and together with Co-Counsel Daniel Hardy, we're appearing today on behalf of Petitioner Jose Mario Rodriguez-Mata. I will address the Court for four minutes, and Mr. Hardy will then address the Court for four minutes. We'd like to reserve two minutes for rebuttal. I will address why this Court's recent decision in Abebe v. Gonzales is not controlling in this case, and Mr. Hardy will address why, in the alternative, Petitioner contends that Abebe conflicts with this Court's holding in Tapia Acuna, and therefore Petitioner respectfully requests that this Court refer Petitioner's case to the full panel for en banc review. This case comes before the Court on petition for review of the Board of Immigration's decision to deny Petitioner eligibility for 212C, discretionary waiver of relief from deportation, that must be available to all aliens who would be eligible for the same waiver if they were in exclusion proceedings. Recently in Abebe v. Gonzales, this Court addressed whether an alien who could have been excluded at the border would be eligible for the 212C waiver. Abebe does not control Petitioner's case, though, because in his briefs consistently, in his opening brief, his reply brief, and supplemental letter brief recently filed with this Court, Petitioner has raised a different legal issue, not whether he's eligible for 212C relief because he may have been excludable if he had left the country sometime after committing his offense, but rather whether he's eligible for 212C relief because he necessarily would have been excludable if he left the country sometime after having pled guilty to committing sexual abuse of a minor. It's well settled in all jurisdictions, including the Ninth Circuit and the BIA, and the government has not disputed this point either, that sexual abuse of a minor is always a crime involving moral turpitude. So in other words, if Petitioner had left the United States and attempted to return, he necessarily would have been excluded for having pled guilty to a per se crime involving moral turpitude, namely sexual abuse of a minor. Therefore, there's no speculation or factual inquiry necessary to determine whether the INS would have excluded Petitioner. This fact distinguishes Petitioner's case from the Court's analysis in Abebe, which was following the reasoning in Comarenco. In both of those cases, the Court addressed whether an alien who could have been excluded at the border was eligible for the 212C waiver. In Comarenco, the Court addressed whether an alien who was deportable for having committed a firearms offense was eligible for the 212C waiver of deportation. The Court noted that not all firearms offenses are crimes involving moral turpitude and expressed concern about engaging in the factual inquiry necessary to determine whether the alien's particular firearms offense, assault with a deadly weapon, was a crime involving moral turpitude. Therefore, the Court declined to speculate about whether the INS would have applied the crime involving moral turpitude exclusion to Comarenco and held that he was ineligible for 212C. In Abebe, this Court simply applied Comarenco's analysis of offenses that could but not necessarily would render an alien excludable and, like the Comarenco Court, declined to speculate about whether the INS would have found him excludable and therefore denied him 212C relief. This difference between the legal issue addressed in Abebe and the legal issue facing the Court today is critical. It means that applying Abebe to Petitioner's case would require extending Abebe and Comarenco beyond instances where a deportable offense could render an alien excludable to instances where a deportable offense always will render an alien excludable. Instead of extending Abebe, the Court should reaffirm the equal protection principle articulated in Francis in the Second Circuit and adopted by this Court in Tapio-Kuna that that remains good law. Specifically, equal protection requires that because Petitioner necessarily would have been eligible for 212C relief if he had left the country after pleading guilty to sexual abuse of a minor, he must now be afforded the same opportunity to apply for the 212C discretionary waiver of deportation. Thank you. I see that my time has expired. You hit it right on the nose. I'm sorry? You hit it right on the nose. I did. Thank you. Good morning, Your Honors. May it please the Court, Daniel Hardy on behalf of Petitioner. Today I will be discussing in the alternative if the Court cannot, does not agree with Petitioner that Abebe is distinguishable, that instead the Court is required to withhold judgment in this case and refer it to en banc review. That is because the holding in Abebe is irreconcilable with the holding in Tapio-Kuna. In? Say it again. In Tapio-Kuna, which was the case where the Ninth Circuit adopted the reasoning of the Second Circuit in Francis. The cases are irreconcilable because Abebe denies 212C eligibility to Petitioner if it's controlling, where Tapio-Kuna would demand the opposite result. In Tapio-Kuna, the Court adopted the reasoning in Francis from the Second Circuit where a Petitioner in the place of this Petitioner would be eligible for 212C relief had he only left the country if only for a few hours at any time following his conviction. The government can't deny that in this case Petitioner would be treated as if he had, as if he were being excluded as opposed to deported if only he had left the country. Because that is not the case, instead, their position, the government's position, is that he is not eligible for the 212C waiver. The reason in France. I haven't checked the docket. Do you know if a petition for rehearing en banc has been made in Abebe? I am not sure, but I believe so. Wouldn't the logical conclusion be for you to file an amicus brief in that case? I believe that would address some of the issues. I guess the important factor is that the Court is not required to accept any petition in Abebe for en banc review, whereas here, the rule is that if the Petitioner panel is faced with irreconcilable decisions, they must then refer the case to the full panel, to the full court. Excuse me. But even if we want to make a sui sponte en banc call, doesn't it require a majority of the active judges to agree? Yes, that is true. And it's not exactly the same thing that happens in Abebe. If there's a petition for rehearing and someone calls it, then we, so the process is the same, isn't it? Yes, I believe Your Honor is correct. Another distinguishing point, I believe, is that the Court in Abebe also remanded the case. The case was remanded because there was an issue dealing with withholding of removal as well, withholding of removal, excuse me, where perhaps the case, the Abebe case is not as appropriate for en banc review, whereas in this case, the only issue is whether Petitioner should be eligible for the 212C waiver. Okay. Do you want to reserve some time for rebuttal? I would like to reserve two minutes for rebuttal. Thank you very much. Good morning. May it please the Court. My name is James Grimes. I'm here on behalf of the Attorney General. And we believe that Abebe controls this case. Same ground of removability, same offense, same issues. Therefore, it controls. And to answer Your Honor's question, having spoken to Abebe's counsel, I believe they will, they're planning to file a petition for en banc review. I think they're going to seek an extension of time to do that. That's what I'm told. So I don't believe that has occurred yet. I'm having trouble hearing you, counsel. I'm sorry, Your Honor. The voice drops down. I'm sorry. All I was saying was that I don't believe the petition for rehearing has been filed yet, but I'm told that it will be. But in any event, Abebe controls this case. The distinction the Petitioner seeks to make about whether he could have or would have been charged with a crime involving moral turpitude is really a distinction without a difference. So this case is controlled by Abebe. And I would say this about Tapia Kuna, just to close. I was going to ask you. Go ahead. I can. No, I was going to ask you how you just – I mean, there does seem to be a tension between Tapia Kuna and Abebe. Well, I would suggest that the point that Petitioner seeks to make is answered by this Court's decision in Cavasug, specifically page 1326 of that decision, where the Court said that Tapia Kuna was dealing with a comparable ground. It was a drug offense. And then the Court in Cavasug noted that at footnote 5 of Tapia, the Tapia Court specifically declined to address what would happen in a case where there wasn't a comparable ground. And then Cavasug itself says, we're going to take that question on, and we don't find that there is an equal protection or a due process violation. And so I don't believe that Tapia is irreconcilable. They're dealing with – one deals with a case that has a comparable ground, and one, Abebe, deals with a case that does not have a comparable ground. So I don't believe that there is some sort of irreconcilable difference. And you think the Second Circuit had just misguided? Yes. We disagree with the Second Circuit's decision. The Second Circuit's decision seems to say that, well, France has been on the books for a long time, so we're not going to change it. The mistake was made, and we're going to follow that mistake. But there are eight circuits that have decided the question adverse to, well, in a different fashion along the lines of how this circuit has decided the issue. The Second Circuit's the only circuit in the other way, right? That's correct, Your Honor. I believe you have the First, Third, Fifth, the Sixth Circuit before Blake, the Seventh, now the Eighth, the Ninth, and the Eleventh Circuit before Blake have all decided it along the lines of Comarenco and Abebe. So unless there are any further questions, we would ask that you deny the petition. Thank you, counsel. Thank you. Rebuttal. I would just like to address two separate points, the first being that the distinction between would have and could have is irrelevant. In the first instance, in order to distinguish Abebe from this particular case, the concern of the Comarenco court, which Abebe clearly relied on, seemed to be the issue that the judicial branch does not want to infringe on the longstanding and well-recognized right of Congress and the executive branch to control immigration matters. In the case where, in sexual abuse of a minor in this case, the judiciary would not have that same concern, because it is not entering into a factual review of whether the petitioner's crime actually constitutes a crime of moral turpitude. In the case of sexual abuse of a minor, it always will. In that sense, the factual inquiry is avoided. The second point I would like to make is that in terms of the Second Circuit being the only circuit that does not follow the same line as Abebe, first of all, the Second Circuit is also the court in which the Francis opinion was, in which the Francis opinion came from. In that sense, they are, they clearly discuss in that in their Blake opinion that they find Francis controlling in this matter. In that sense, Tapia Kuna, because it adopted the reasoning of Francis, would also control in this matter. The second point is that although the government disagrees with the opinion arrived at in the Blake case in the Second Circuit, it's notable that the concurrence in Abebe issued by this Court echoes the reasoning in the Blake case in the Second Circuit and agrees with the fact that the BIA should be making the determination of whether someone is, would be excludable had they left the country. And it's not difficult for the BIA to do that either, because they're prepared to do so. Thank you. Thank you, counsel. Thank you both for your arguments. It's always difficult when you get dealt an intervening case in the middle of a preparation, so I appreciate all of your supplemental briefs and your arguments. Cases here will be submitted, and I want to thank you for taking on this case pro bono as well.
judges: Siler, Thomas, Bea